**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION**

| | |
|---|---|
| RORY HOMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PROFESSIONAL TRANSPORTATION, ) <br> INC., and RONALD D. ROMAIN, ) <br> individually and as president and secretary of ) <br> PROFESSIONAL TRANSPORTATION, ) <br> INC., ) <br> ) <br> Defendants. ) | Cause No. 3:18-cv-00169-RLY-MPB |

**DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT**

Defendants Professional Transportation, Inc. ("PTI") and Ronald D. Romain (collectively "Defendants" or "PTI"), by counsel, for their Answer and Defenses to Plaintiff's Complaint, state:

1. Plaintiff is a resident of the state of Arkansas.

**ANSWER:** Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2. Defendant Ronald D. Romain is a resident of the state of Indiana and Vanderburgh County.

**ANSWER:** Defendants admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant Professional Transportation, Inc. ("PTI") is a for-profit corporation, formed under the laws of the State of Indiana with its headquarters located in Evansville, Vanderburgh County, Indiana.

**ANSWER:** Defendants admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Romain is president of PTI and employer as defined by 29 U.S.C. § 203.

**ANSWER:** Defendants admit that Ronald Romain is the president of Professional Transportation, Inc. Defendants deny the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. PTI is an employer as defined by 29 U.S.C. § 203.

**ANSWER:** Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Intent on becoming a putative class member, plaintiff previously opted into Smith v. Professional Transportation, Inc., Civil Action No. 13-CV-221 (S.D. Ind.).

**ANSWER:** Defendants admit that Plaintiff previously opted into the putative collective in the Southern District of Indiana case captioned *Smith v. Professional Transportation, Inc.*, Cause No. 3:13-cv-221, prior to the collective being decertified by that Court. Defendants deny any remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Plaintiff's Consent to Opt-In was filed in Smith on June 3, 2014.

**ANSWER:** Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. On January 26, 2018, Judge Richard Young granted defendants' Motion to Decertify the collective class in Smith.

**ANSWER:** Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. PTI provides ground (non-rail) transportation services to several rail carriers.

**ANSWER:** Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Among the transportation services PTI provides the rail carriers is:

   A. Over-the-road transportation.

   B. Yard or local (immediate vicinity) transportation.

**ANSWER:** Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Over-the-road transportation services can include:

   A. Deadheading of crews where PTI transports crews from one location to another;

   B. Transporting crews who are relieving train crews whose time has expired or will expire under the hours of service law, prior to the train reaching the destination;

   C. Assisting crews with local, road switcher or work train activities;

   D. Other activities as may be requested by the rail carrier.

**ANSWER:** Defendants admit the allegations contained in paragraph 11(A) and 11(B) of Plaintiff's Complaint. Defendants deny the allegations contained in paragraph 11(C) and 11(D) of Plaintiff's Complaint.

12. Defendants also provide local or dedicated yard van ("DYV") service.

**ANSWER:** Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. DYV service may include:

    A. Providing transportation in or about a rail carrier's yard.

    B. Transporting crews to and from the rail carrier's yard to and from the crews away from home terminal hotel.

    C. Other local transportation as the rail carrier may request.

**ANSWER:** Defendants admit the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Plaintiff was initially hired in October 2012 as a driver.

**ANSWER:** Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. From his initial hiring, plaintiff mainly worked as an over-the-road driver.

**ANSWER:** Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Beginning in January of 2014, plaintiff was promoted to the position of "Branch Administrator" ("BA") at PTI's Camden, Arkansas branch office.

**ANSWER:** Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. As a BA, plaintiff was the first point of contact at PTI's branch office for PTI's rail carrier customers, the drivers who were assigned to plaintiff's branch office location, as well as for PTI itself.

**ANSWER:** Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Among plaintiff's duties were:

    A. Accepting driver applications;

    B. Interviewing driver applicants;

    C. Performing drug and alcohol testing of applicants;

    D. Performing drug and alcohol testing on existing drivers;

    E. Perform new hire orientation;

    F. Conduct safety training on newly hired drivers;

    G. Conduct on-going safety training of existing drivers;

    H. Make recommendations as to the suitability of driver applicants;

    I. Initiate discipline of existing drivers;

    J. Recommend the termination of existing drivers;

    K. Conduct exit interviews of drivers to be terminated;

    L. Interface with the rail carrier's local management concerning PTI's performance and any concerns raised by the rail carrier;

    M. Submit payroll inquiries on behalf of the drivers under plaintiff's management;

    N. Respond to any accident that involved a PTI driver under plaintiff's management or as requested by PTI;

    O. Initiate and respond to reports of company rules violations of driver's under plaintiff's management;

    P. Submit payroll information of driver activities to PTI;

    Q. Respond to any inquiry that PTI and/or its dispatch may have regarding the status of a driver, problem associated with a driver or

any problem that may arise with a trip and/or driver already on a trip.

**ANSWER:** Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. PTI, like the rail carriers it serves, operates on a 24/7/365 basis.

**ANSWER:** Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Upon being promoted to BA, PTI entered into a contract with plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. The contract between plaintiff and PTI set forth the number of hours PTI allotted plaintiff to accomplish his job duties as a BA.

**ANSWER:** Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Plaintiff was also expected to perform driving activities to supplement his income while working as a BA.

**ANSWER:** Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. PTI allotted plaintiff 28 hours per week to accomplish his job duties as a BA.

**ANSWER:** Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. As a BA, plaintiff was paid $9.82 per hour for his job duties as a BA.

**ANSWER:** Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

24. 25. As a BA, defendants considered plaintiff to be non-exempt employee under the FLSA and eligible for overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a week.

**ANSWER:** Defendants admit the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants would call plaintiff on the telephone regarding issues that arose at his branch location on a 24 hour a day basis.

**ANSWER:** Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Plaintiff was not allowed to not answer the telephone without the fear of disciplinary action being taken against him.

**ANSWER:** Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Plaintiff was further required to attend to any and all business that involved defendants operations, regardless of the time of day or how many hours he had previously worked in his capacity as a BA.

**ANSWER:** Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants did not track the number of hours plaintiff was working while performing his duties as a BA on defendants' behalf.

**ANSWER:** Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. While employed as a BA, plaintiff's BA salary never met or exceeded $455 per week on a salary basis for plaintiff to qualify as exempt from overtime under the FLSA.

**ANSWER:** Paragraph 30 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Under the FLSA, 29 U.S.C. § 213(a), "The provisions of section 206 [minimum wage] * * * and section 207 [maximum hours] of this title shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, or professional capacity . . . ."

**ANSWER:** Paragraph 31 is a statement of law to which no response is required. To the extent a response is required, Defendants admit that Paragraph 31 correctly quotes 29 U.S.C. § 213(a), but deny any violation of that statute and any remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Plaintiff performs such duties and functions as to fall under the so called "executive exemption" of the FLSA.

**ANSWER:** Paragraph 32 is a legal conclusion to which no response is required.

33. Due to this compensation, plaintiff was improperly classified as "exempt," and therefore, is eligible for the protections offered by 29 U.S.C. § 206, minimum wage, and 29 U.S.C. § 207, maximum hours or the overtime.

**ANSWER:** Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. As a direct result of being misclassified as exempt, all hours worked by plaintiff in each week he was classified and performing the duties of a salary exempt employee, acting in a bona fide "executive" capacity, and not compensated at least $455 per week on a salary basis, are to be counted and considered for minimum wage and overtime damage purposes.

**ANSWER:** Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

WHEREFORE, plaintiff Rory Homan prays for judgment against defendants, Ronald D. Romain and Professional Transportation, Inc., as follows:

A. Judgment for compensatory damages against defendants for their willful failure to pay minimum wages and overtime compensation at one and one-half times the regular rate of pay for the performance of his duties as a BA;

B. Liquidated damages equal to the sum of the compensatory damages for defendants' willful refusal to pay such required minimum wages and overtime compensation based on the FLSA;

C. Attorney fees and costs associated with all causes of action; and

D. All other relief this court deems just and equitable.

**ANSWER**: Defendants deny that Plaintiff is entitled to any of the relief requested in his WHEREFORE paragraph contained in Plaintiff's Complaint.

## TO THE COMPLAINT AS A WHOLE

Defendants deny each and every allegation, inference, and legal conclusion not expressly admitted in this Answer.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. The Complaint fails to state, in whole or in part, a claim upon which relief can be granted under the FLSA and/or any other federal or state wage and hour laws.

2. Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of *respondeat superior*.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, consent, acquiescence, waiver, ratification, accord and satisfaction, setoff and/or payment and release.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

8. Plaintiff's claims are barred, in whole or in part, by his own violations of PTI's policies and procedures.

9. Plaintiff's claims are barred, in whole or in part, because any alleged damages were caused by his own negligence, failure to perform adequate due diligence, or other intervening or superseding causes over which PTI had no control, and cannot form the basis for any liability on behalf of PTI.

10. Plaintiff has failed to mitigate his damages, if any.

11. Plaintiff's claims are barred to the extent PTI's employees or agents acted contrary to PTI's express or generally understood policies and procedures because such actions were not authorized and were outside the scope of their employment or agency.

12. Plaintiff has been paid all compensation and monies due and owed for all work performed.

13. Plaintiff's claims are barred, in whole or in part, because the time periods for which he is claiming entitlement to compensation fall within a *de minimus* exception to the applicable laws.

14. Plaintiff's alleged work activities are not compensable and/or are excluded from measured working time.

15. Plaintiff is otherwise subject to all applicable exemptions from and under the FLSA and/or any other federal or state wage and hour laws.

16. Plaintiff is not entitled to overtime pay because he did not work over forty (40) hours in a workweek, or the hours worked in excess of forty (40) were not in performance of duties for which he was entitled to compensation.

17. Plaintiff is not entitled to relief under the FLSA and/or any other federal or state wage and hour laws as a result of the customs and practices under a bona fide collective bargaining agreement.

18. At all relevant times, Defendants have acted in good faith and have not intentionally or willfully violated any provision of the FLSA and/or any other federal or state wage and hour laws.

19. Any act or omission alleged to have given rise to Plaintiff's Complaint was in good faith and based on a reasonable belief that Defendants were in compliance with all applicable wage and hour requirements, laws, rules, and regulations, including the FLSA and/or any other federal or state wage and hour laws.

20. Any alleged act or omission by Defendants was not intentional, willful, or wanton, or undertaken in bad faith.

21. There is no basis upon which to award punitive or liquidated damages in this case.

22. Defendants are entitled to protection under any and all safe harbor provisions under the SAFETEA-LU Technical Corrections Act of 2008.

23. There is no basis upon which to impose personal or individual liability for any of Plaintiff's claims on Romain.

24. Romain is not an employer within the meaning of the FLSA and/or any other federal or state wage and hour laws.

25. Plaintiff's claims are barred, in whole or in part, by the release of claims in the settlement of the collective action entitled *Miller, et al. v. Professional Transportation, Inc., et al.,* Case No. 09-CV-00111-RLY-WGH, United States District Court, Southern District of Indiana, Evansville Division and/or by the release of claims in the settlement of the collective action entitled *Matthews et al. v. Professional Transportation, Inc., et al.*, Case No. 3:11-cv-0097-RLY-WGH, United States District Court, Southern District of Indiana, Evansville Division.

26. Some or all of the disputed time for which Plaintiff seeks recovery of wages purportedly owed was spent engaging in activities that were not an integral and indispensable part of Plaintiff's principal activities.

27. Discovery and investigation are incomplete, and Defendants do not and cannot reasonably be expected to know whether additional affirmative defenses may be applicable. Defendants therefore reserve the right to add additional affirmative and other defenses as may be applicable and appropriate during the pendency of this action.

WHEREFORE, Defendants, Professional Transportation, Inc. and Ronald D. Romain, by counsel, request that Plaintiff take nothing by way of his Complaint and that the Court enter judgment in Defendants' favor, and that Defendants be awarded their costs, including attorneys' fees in this matter, and all other relief as the Court deems proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *s/ Michelle R. Maslowski*
Christopher C. Murray, IN Bar No. 26221-49
Michelle R. Maslowski, IN 27238-49
111 Monument Circle, Suite 4600
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
christopher.murray@ogletreedeakins.com
michelle.maslowski@ogletree.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on January 10, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Joseph H. Cassell
ERON LAW, P.A.
229 E. William St., Suite 100
Wichita, KS 67202
jhcassell@eronlaw.net

s/ *Michelle R. Maslowski*
Michelle R. Maslowski

36972146.1